JOHN B. MARSHALL, as Executor, etc., of MATILDA HARRIS, Deceased, Plaintiff, v. FRANKLIN SOCIETY FOR HOME BUILDING AND SAVINGS, Defendant, and SAMARITAN HOSPITAL OF BROOKLYN, as Interpleader.

Supreme Court, New York County, Trial Term, March 19, 1928.

**Trusts — depositor transferred savings account to herself in trust for hospital and accepted transfer — depositor died leaving will in which no specific mention was made of savings account, but which did dispose of her entire estate — valid trust was created — trust did not rest upon inference — in absence of revocation of trust, judgment must be directed in favor of hospital.**

This is an action by an executor of a depositor to recover the balance due on a savings account which the depositor opened and subsequently caused to be transferred to herself in trust for defendant hospital. The depositor died and left a will in which no specific mention was made of the savings account but which did dispose of her entire estate. Since the trust was actually created by the transfer of title to the moneys from an individual to herself as trustee of a designated beneficiary, the hospital, and there was an acceptance of the transfer by the trustee, it cannot be said that the trust rested upon an inference.

Therefore, in the absence of evidence of a revocation of the gift or trust, together with the fact that the depositor as trustee kept possession of the passbook, judgment is directed in favor of the hospital.

ACTION by an executor of a depositor to recover the balance due on a savings account.

*R. A. Fosdick,* for the plaintiff.

*O. S. Carroll,* for the defendant.

PETERS J. Mrs. Tillie Harris, the depositor, opened with the Franklin Society for Home Building and Savings an account known as " saving shares; " received passbook numbered 8151 and thereafter at various times made deposits. On February 25,

1925, she called at the office of the society and signed a transfer card which when filled out read as follows

" No. 8151          3277.43          D & H          Date 2/25/25
                                19/9/7

" In consideration of.................dollars, I hereby transfer to Mrs. Tillie Harris in trust for Samaritan Hospital the SAVINGS shares owned by me with all payments made thereon, in THE FRANKLIN SOCIETY FOR HOME BUILDING AND SAVINGS, as represented on membership BOOK NO. 8151.

" Signature                    MRS. TILLIE HARRIS
" Address

" I accept the foregoing transfer, subject to the By-Laws and Regulations of the Society.

" Signature          MRS. TILLIE HARRIS
" Address            Samaritan Hospital, N. Y."

Mrs. Harris died on June 25, 1927, leaving a will dated November 10, 1925, which made no specific mention of the account in question but did dispose of her entire estate.

Plaintiff contends that the transfer of said account in trust was never completed; that the transfer initiated merely a tentative trust which was revoked by the will of Mrs. Harris and the circumstances under which it was executed. These circumstances as testified to by the executor who drew the will were that he asked her, " What have you got ? " and she answered, " This is all I have," at the same time exhibiting three different passbooks among which was the one in question and that about two months prior to her death she requested him to compute the interest on the three passbooks heretofore mentioned.

Defendant asserts that the signed transfer card was sufficient to establish the trust and that no notice to the beneficiary or delivery of the passbook was necessary.

This case cannot be classed with the cases of *Matter of Totten* (179 N. Y. 112, 125); *Walsh* v. *Emigrant Industrial Savings Bank* (233 id. 512), and *Morris* v. *Sheehan* (234 id. 366), which hold that the *making* of a deposit in trust creates merely a tentative trust, the revocation of which can be shown by evidence that the testator intended, by a will later made, to dispose of the money in the account.

In *Beaver* v. *Beaver* (117 N. Y. 421) the court said: " To constitute a trust there must be either an explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was intended to be created. * * * We are inclined to think that to infer a gift from the form of the deposit alone would, in the

great majority of cases, and especially where the deposit was of any considerable amount, impute an intention which never existed and defeat the real purpose of the depositor."

Here we have not " to infer a gift from the form of the deposit alone " which inference creates merely a tentative trust. We have not the mere opening of an account in trust for another. We have here first an account standing in the name of the testatrix for seventeen years and then two distinct positive acts of the testatrix in connection with that account; the written *transfer* of the account to herself in trust for the Samaritan Hospital signed by testatrix and the written *acceptance* by testatrix of the transfer, thus constituting herself the trustee of the fund. In these acts we have in the language of the court in the *Beaver* case, an " explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was intended to be created." In this case, therefore, the trust does not rest upon an inference; it was actually created by the transfer of title of moneys from an individual to herself as trustee of a designated beneficiary and the acceptance of the transfer by the trustee. Such a trust or gift is not revoked by any inference to be drawn from language used by the testatrix later on indicating she considered the moneys to be her own property. The fact that the trustee kept possession of the passbook is consistent with the existence of the trust. As there is no evidence of a revocation of this explicit gift or trust, judgment is directed in favor of the interpleader as demanded in its answer.